FREEMAN v. STATE.

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 832. Decided March 15, 1928.

Syllabus by Editorial Staff.

**CRIMINAL LAW.**

(190 M5) Conviction for murder in first degree cannot be sustained where the evidence does not prove or tend to prove it was wilfully or purposely committed.

(190 S2) Conviction for second degree murder is not authorized on plea of self defense.

Error to Common Pleas.
Judgment affirmed.

J. P. Jetton and J. G. Waiters, Dayton, for Freeman.

Ralph E. Hosket, Pros. Atty., Charles J. Brennan, Maxwell G. Dice, Dayton, for State.

STATEMENT OF FACTS.

It is urged by counsel for plaintiff in error that there is no evidence tending to prove that the murder was willfully and purposely committed. This contention is based on the fact that the gun which was used was the gun of the plaintiff in error which had previously been taken from him by the policeman. Unless it can be proven, therefore, that the gun passed into the hands of Freeman or was used by him, that claim would be sustained. We have, however, the testimony of the only eye witness, Mr. Pappas, that after Freeman had left his car he came over to Horn, put out his hand toward Horn and said: "Stick 'em up—I'm going to kill you." Freeman also testified that: "Yes I know I had hold of the handle of the pistol to keep him from shooting me." This; in connection with the confession of Freeman to the effect that he did shoot the officer, we think, makes out a sufficient case to go to the jury. The only testimony in denial thereof is the testimony of Freeman.

It is claimed, however, that there was enough in this contention to have required the

trial court to submit to the jury verdicts covering manslaughter and second degree murder. This contention does not, however, arise out of the testimony for the state, but depends upon the testimony of the defendant, Roy Freeman. His testimony however, tends to support his plea of self-defense. He testifies that when the officer in the scuffle attempted to shoot him, he caught the pistol and bore it down so that the shot entered his limb and that on the second shot the pistol was aimed toward Officer Horn and shot him.

BY THE COURT.

Now if this testimony is true it would be the basis of a verdict for acquittal. We think the court rightfully held that there was evidence tending to prove the commission of the offense of murder in the first degree, and that if the defendant was not guilty of murder in the first degree because of his defense of self-defense, he was entitled to an acquittal. This would be the logic of the situation and would be the proposition which would naturally be contended for by counsel for the defendant on the trial.

Upon a full consideration of all the evidence and all the points argued, we are of opinion that there was no prejudicial error and that the verdict of guilty was not contrary to and against the manifest weight of the evidence.

The judgment must therefore me affirmed.

(Ferneding, Kunkle and Allread, JJ., concur.)

The time for execution will be fixed as April 20, 1928, instead of April 6th, as announced in former decision.